UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 11-89-WOB-CJS**

**ELIZABETH A. OSBORN**                                                                                   **PLAINTIFF**

**v.**

**JOHN M. GRIFFIN, ET AL.**                                                                             **DEFENDANTS**

* * * * * * *

**CIVIL ACTION NO. 13-32-WOB-CJS**

**LINDA G. HOLT, ET AL.**                                                                              **PLAINTIFFS**

**v.**

**DENNIS B. GRIFFIN, ET AL.**                                                                       **DEFENDANTS**

**MEMORANDUM ORDER**

This matter is before the Court on Plaintiff Osborn's Expedited Motion to Compel Production of Documents from Thompson Hine LLP (R. 242).[1] Both non-party Thompson Hine and Defendants have filed Responses (*see* R. 246, 247), to which Plaintiff Osborn filed a Reply. (R. 255). Having all relevant documents before the Court, this Motion is now ripe for adjudication. For the reasons set forth below, the Court will **grant in part** Plaintiff Osborn's Motion to Compel Production of Documents from Thompson Hine.

The Court's July 9, 2013, Order required non-party Thompson Hine to produce or provide a privilege log for all responsive documents to Osborn's subpoena contained in four boxes it had

---

[1] All references to the record are to the docket in the Osborn matter (11-89), as the pending Motion has been filed only in that case. Because of the Court's consolidation for discovery purposes of the Osborn matter and the Holt matter (13-32), this Order is being entered in both cases.

identified as possibly containing responsive documents and those obtained from its electronic search. (R. 221). Thompson Hine has now provided responsive documents and a privilege log for those documents it did not produce.

In her present Motion, Osborn argues Thompson Hine's privilege log is insufficient for two reasons: 1) Thompson Hine did not identify which client is asserting the privilege for each document withheld; and 2) Thompson Hine did not provide sufficient descriptions for her to understand the nature of the documents being withheld. It is important to note that the pending Motion puts at issue only whether Thompson Hine has provided a sufficient privilege log and not the issue of whether the assertion of the attorney-client privilege and/or work product doctrine are proper as to a given document.

Osborn first argues that the log is insufficient because Thompson Hine refused to identify the client asserting a privilege to each document. While it is not clear why this information was not included in the privilege log provided by Thompson Hine, counsel for Defendants and Griffin Industries has agreed to provide the identity of the Thompson Hine client(s) invoking a privilege for the documents contained on the privilege log.[2] (R. 247, at 3; R. 242-9, at 4). This information should be specific and identify the capacity of the client, i.e., Dennis Griffin, individually or as trustee of the 1967 Trust. Accordingly, the only issue remaining is the timing for such identification. Given the strict timeline imposed for completing discovery and that almost a month has passed since defense counsel agreed to provide this information, supplementation of the privilege log to provide

---

[2] While counsel for Defendants and Griffin Industries and counsel for Thompson Hine may work together to coordinate obtaining this information, Thompson Hine has the obligation to provide an appropriate privilege log for documents being withheld by Thompson Hine. The identity of the client(s) asserting the privilege shall be included in its privilege log as it is necessary information for assessing a claim of privilege.

2

the information regarding the identity of which client(s) is/are asserting a privilege to each document listed on Thompson Hine's privilege log will be required within fourteen days.

Osborn also argues that the log is deficient because Thompson Hine did not provide sufficient descriptions for her to understand the nature of the documents being withheld. Federal Rule of Civil Procedure 45(d)(2)(A) provides:

> (A) . . . A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(d)(2)(A). These are the same requirements imposed on a party under Rule 26(b)(5). The Court reminds the parties that the burden of establishing the existence of a privilege rests with the person or entity asserting it. *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999).

"In order to meet the requirements of the Federal Rules and justify a claim of privilege, therefore, a privilege log must contain sufficient factual content to allow the court to reach the conclusion that each element of that privilege is fulfilled." *Mafcote, Inc. v. Federal Ins. Co.*, No. 3:08-cv-11, 2010 WL 1929900, at *5 (W.D. Ky. May 12, 2010). The Sixth Circuit has explained:

> In our view, a person seeking to assert the attorney-client privilege must make a minimal showing that the communication involved legal matters. This showing is not onerous and may be satisfied by as little as a statement in the privilege log explaining the nature of the legal issue for which advice was sought.

*In re Search Warrant Executed at Law Offices of Stephen Garea*, No. 97-4112, 1999 WL 137499, at *2 (6th Cir. Mar. 5, 1999). Similarly, an entry in a privilege log claiming protection under the

work product doctrine requires a showing that the document was prepared or obtained because of the prospect of litigation. *Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Michigan*, Nos. 11-12557, 11-12565, 2013 WL 1303622, at *3 (E.D. Mich. Mar. 28, 2013).

In *Mafcote,* the court explained that privilege logs should include:

(a) The author(s) and all recipients (designated so as to be clear who is the sender and who the receiver), along with their capacities/roles/positions.

(b) The document's date.

(c) The purpose and subject matter of the document.

(d) The nature of the privileged asserted, and why the particular document is believed to be privileged.

*Mafcote*, 2010 WL 1929900, at *6 (citing multiple courts from other jurisdictions); *see also Cooey v. Strickland*, 269 F.R.D. 643, 649 (S.D. Ohio 2010) (quoting *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 673 (D. Kan. 2005)). In a subsequent order, the court in *Mafcote* found the privilege log at issue was insufficient because, among other deficiencies, it failed to provide sufficient information to assess why the information was believed to be privileged. *Mafcote*, 3:08-cv-11, 2010 U.S. Dist. LEXIS 137832, at *25-*26 (W.D. Ky. Dec. 28, 2010) ("discussion of claim" with notation "attorney-client privilege" did not provide information for court to assess whether documents properly withheld).

Here, while Thompson Hine's privilege log contains columns for many of these requirements,[3] it does not set forth the information necessary to establish why it believes the listed document is privileged/protected, i.e., that the document was prepared in anticipation of litigation

---

[3]To the extent entries on the privilege log do not contain basic information such as date, author, or recipients, the Court presumes such information is not provided on the document or is not otherwise known to Thompson Hine. If this information is known, it must be provided.

4

and/or that the subject of a confidential communication relates to the seeking or giving of legal advice.[4] For example, Thomson Hine's first entry includes the following description in the subject column: "[l]egal analysis re: of [sic] JLG Estate assets." There is no indication that this document was communicated to anyone–the recipient column is blank–or that it was intended to be confidential. The subject description is also too vague to inform the Court or Osborn of the purpose of the document. Nor is there any indication that it was prepared in anticipation of any litigation. Without more information, the Court cannot assess whether this document is protected under the attorney-client privilege or the work product doctrine. *See Nurse Notes, Inc. v. Allstate Ins. Co.*, No. 10-cv-14481, 2011 WL 2173934, at *4 (E.D. Mich. June 2, 2011) (ordered updated privilege log to include additional information necessary to weigh claim of privilege including description of litigation it relates to and basis of privilege); *Ypsilanti Cmty. Utilities Auth. v. Meadwestvaco Air Sys.,* No. 07-cv-15280, 2009 WL 3614997, at *4 (E.D. Mich. Oct. 27, 2009)(requiring amended privilege log to set forth information needed to assess whether document protected/privileged, including summary of contents of document, purpose for which document created, whether document contains attorney mental impressions or opinions, and whether communication sought or conveyed legal advice); *Brubaker v. Encompass Prop. & Cas. Co.*, No. 07-1488, 2008 U.S. Dist. LEXIS 40133 (E.D. Mich. May 19, 2008) ("analysis of claim," "report in anticipation of litigation," insufficient to establish privilege; log required to be supplemented to provide details of the purpose of document and why it is immune from discovery).

---

[4] Defendants' argument that Osborn's Motion is undercut by her own privilege log which contains similar information is not a basis for denying her Motion. The issue of the sufficiency of Osborn's privilege log is not before the Court.

5

Similarly, the entry for Document TH-00000756, page 3, provides it is an eleven page "[c]orrespondence regarding JLG Estate," dated May of 1995, a month after John L. Griffin died, from a Thompson Hine lawyer to Dennis Griffin. This entry also does not contain sufficient information to assess why the document is privileged. Specifically, there is no indication that its purpose was to render legal advice or that it was intended to be confidential.[5] *See Chevron Corp. v. Weinberg Grp.*, 286 F.R.D. 95, 98 (D.D.C. Sept. 26, 2012) ("[l]etter from client to lawyer-attorney client privilege" insufficient log entry as no indication document intended to be confidential). In addition, as discussed above, if Thompson Hine is asserting work product for this entry, it must provide information establishing that the item was prepared because of anticipated litigation. *See Hi-Lex Controls Inc.*, 2013 WL 1303622, at *3.

Further, many entries contain vague subject descriptions that require the Court and Osborn to speculate as to the nature and subject of the document. For example, the entry in the subject column for Document TH-00000080 provides "Notes re: Estate assets." In addition to the deficiencies discussed above, this entry requires the Court to speculate as to what estate is referenced. While the Court assumes the reference is to John L. Griffin's estate, given the consolidated cases involve two estates to which this vague description could apply, the entry should specifically identify the subject matter. Because of the number of Thompson Hine clients involved in these matters, Thompson Hine should review the log and provide specificity to such entries as "tax planning," "gifts," "trust work," "estate planning." Similarly, given this case involves six properties owned by different parties at different times, references generally to "real estate" are not sufficient.

---

[5] While the entry also does not identify the capacity or role in which Dennis Griffin is acting with respect to his receipt of this information, this information is expected to be in the supplementation regarding which clients are invoking the privilege.

More complete descriptions in the subject matter column to identify the subject of the document must be provided by Thompson Hine.

Defendants and Thompson Hine cite to cases that have found privilege logs sufficient when they provided date/time, type, subject, author, addressee, and recipient of documents. These cases, however, do not explain what specific information was contained in the subject or description categories of the privilege logs. *See Sid Mike 99, L.L.C. v. Suntrust Bank*, No. 2:07-cv-02453, 2009 WL 3255209, at *6 (W.D. Tenn. Oct. 6, 2009); *Allen v. Sears, Roebuck and Co.*, No. 07-cv-11706-DT, 2009 WL 879385 (E.D. Mich. Mar. 30, 2009). Moreover, the cases do not appear to involve the complexities of the case at bar of multiple clients asserting privileges in various capacities over an extensive period of time.

In addition, Defendants and Thompson Hine cite to *United States v. Eaton Corp.*, Nos. 12-MC-24 *et seq*, 2012 WL 3486910 (N.D. Ohio Aug. 15, 2012), which is also distinguishable. In *Eaton*, the privilege log contained not only descriptions of the subject matter of the documents to which a privilege was being asserted and identified the privilege, it also provided general descriptions such as "litigation preparation," and "legal/tax advice." The privilege log was also supplemented with a declaration attesting that each document withheld reflected communication relating to legal and/or tax advice or work product prepared in adversarial proceedings with the IRS.

The complexities involved in the case at bar require Thompson Hine to provide more information to enable the Court and Osborn to assess the claim of privilege or protection. If Thompson Hine and/or its clients intend to continue with their assertion that the documents are privileged and/or protected, a revised privilege log setting forth the purpose and subject of each

7

document, the specific privilege and/or protection being asserted,[6] and explaining why the particular document is believed to be so privileged must be provided by the Court-imposed deadline. If Thompson Hine is asserting work product protection, it shall also note the anticipated litigation.

Plaintiff Osborn's request for the sanction of waiver and fees will not be granted at this time. *Mafcote*, 2010 WL 1929900, at *5. Instead, the Court will require supplementation of the privilege log consistent with this Order.

**IT IS ORDERED** as follows:

1. Plaintiff Osborn's Expedited Motion to Compel Production of Documents from Thompson Hine LLP (No. 11-89, R. 242) is **granted in part** to the extent Thompson Hine shall supplement its privilege log consistent with this Order within **fourteen (14) days**.

2. Due to the strict discovery deadline in this matter, Plaintiff Osborn is informed that she should seek to challenge any assertion of a privilege or protection contained in the updated privilege log promptly upon receipt of the supplementation.

Dated this 17th day of September, 2013.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\Orders\civil cov\2011\11-89 13-32 Order re TH priv log.wpd

---

[6] Given the nature of the litigation and the fact parties and non-parties have asserted attorney-client privilege, common interest privilege, and/or work product protection, Thompson Hine must specifically set forth the privilege being asserted, who is asserting it, and the elements supporting its application to the specific document. *See Mafcote*, 2010 WL 1929900, at *6.